UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AVAULTA PELVIC SUPPORT SYSTEMS
PRODUCTS LIABILITY LITIGATION    MDL No. 2187

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiffs in all actions before the Panel have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of West Virginia or, alternatively, the Northern District of Georgia. Defendants C.R. Bard, Inc. (Bard), Covidien, Inc. (Covidien), and Mitchell E. Nutt, M.D., oppose centralization or, alternatively, support centralization in the Southern District of West Virginia (Dr. Nutt) or the Northern District of Georgia (Bard and Covidien).

This litigation currently consists of 36 actions listed on Schedule A and pending in four districts as follows: nineteen actions in the Northern District of Georgia, fifteen actions in the Southern District of West Virginia, and one action each in the District of South Dakota and the Northern District of West Virginia.[1]

On the basis of the papers filed and hearing session held, we find that these 36 actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of West Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each of the 36 actions involves allegations of defects in various models of the Avaulta BioSynthetic Support Systems manufactured, sold and/or distributed by Bard and/or Covidien. Therefore, all actions share factual questions concerning such matters as the design, manufacture, safety, testing, marketing, and performance of these devices. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

In opposition to the Section 1407 motion, Bard and Covidien argue, *inter alia*, that these actions do not share sufficient questions of fact, because there are key differences among the three

---

[1] The parties have notified the Panel that three additional related actions are pending, two actions in the Southern District of West Virginia and one action in the Northern District of Georgia. These actions will be treated as potential tag-along actions in accordance with Panel Rules 1.1(h), 7.1 and 7.2.

-2-

Avaulta models, which are manufactured by two different companies. Dr. Nutt further argues that the medical negligence claims brought against him in the Southern District of West Virginia involve unique questions of fact individual to each plaintiff.

These arguments have some merit, but do not represent the total perspective of the case. It appears that Bard and Covidien did not develop these products entirely independently. Indeed, these devices were sold under the same brand name, and it is alleged that Bard was Covidien's U.S. distributor for the Covidien-manufactured Avaulta device. Therefore, the design of Covidien's Avaulta Classic model likely bears on the design of Bard's Avaulta Plus and Avaulta Solo models, and all actions involving any of the three Avaulta models will share questions of fact. While the claims against Dr. Nutt will involve issues of fact unique to each plaintiff, his cross-claims against Bard and Covidien will involve common questions of fact with the products liability claims asserted by plaintiffs.

The Panel has previously centralized actions under similar circumstances: (1) involving different models of similar products, where the product had similar alleged defects, *see, e.g., In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F.Supp.2d 1371 (J.P.M.L. 2007); and (2) involving similar products with the same alleged defect that are manufactured and sold by separate companies, *see, e.g., In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, 536 F.Supp.2d 1380 (J.P.M.L. 2008). In our experience, centralized proceedings in such dockets have worked well. Here, we believe that transfer under Section 1407 will enable a single judge to formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litig.*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 2187 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litig.*, 310 F.Supp.2d 1359 (J.P.M.L. 2004).

The Southern District of West Virginia is the most appropriate transferee district for pretrial proceedings in this litigation. Seventeen actions are now pending in this district, counsel for all parties are already litigating there, and centralization in this district will facilitate coordination with West Virginia state court actions. After consulting with the judges in that district, we are convinced that assigning these cases to the Honorable Joseph R. Goodwin, whose office is located in Charleston, will be most convenient for the parties.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of West Virginia are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen              W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.        Barbara S. Jones

IN RE: AVAULTA PELVIC SUPPORT SYSTEMS
PRODUCTS LIABILITY LITIGATION                                MDL No. 2187

## SCHEDULE A

### Northern District of Georgia

Gail Chaplin, et al. v. C.R. Bard, Inc., et al., C.A. No. 1:09-1876
Cynthia H. Cowan, et al. v. C.R. Bard, Inc., et al., C.A. No. 1:09-3339
Cindy Ezell, et al. v. C.R. Bard, Inc., C.A. No. 1:09-3539
Julie Dodd, et al. v. C.R. Bard, Inc., C.A. No. 1:09-3540
Janet McNally, et al. v. C.R. Bard, Inc., C.A. No. 1:09-3541
Patricia McCallan v. C.R. Bard, Inc., C.A. No. 1:09-3542
Sally Pete, et al. v. C.R. Bard, Inc., C.A. No. 1:09-3543
Anne McVay, et al. v. C.R. Bard, Inc., C.A. No. 1:09-3544
Beatrice Santillan, et al. v. C.R. Bard, Inc., C.A. No. 1:09-3545
Mary Lou Riley v. C.R. Bard, Inc., C.A. No. 1:09-3546
Kelly Poltermann, et al. v. C.R. Bard, Inc., C.A. No. 1:09-3642
Jacqueline M. Spangler v. C.R. Bard, Inc., et al., C.A. No. 1:09-3643
Kathryn Huston, et al. v. C.R. Bard, Inc., C.A. No. 1:09-3644
Linda Rizzo, et al. v. C.R. Bard, Inc., C.A. No. 1:09-3645
Jerry Dalman v. C.R. Bard, Inc., C.A. No. 1:09-3646
Debra Broussard, et al. v. Caldera Medical, Inc., et al., C.A. No. 1:10-1021
Jeannie Everly, et al. v. C.R. Bard, Inc., C.A. No. 1:10-1094
Lucy Tyson, et al. v. C.R. Bard, Inc., C.A. No. 1:10-1913
Susan B. Hirt, et al. v. Bard Peripheral Vascular, Inc., et al., C.A. No. 1:10-1924

### District of South Dakota

Theresa Ann Padgett, et al. v. C.R. Bard, Inc., C.A. No. 5:09-5068

### Northern District of West Virginia

Robin Fabian, et al. v. C.R. Bard, Inc., et al., C.A. No. 5:10-70

### Southern District of West Virginia

Angela Stroud, et al. v. C.R. Bard, Inc., et al., C.A. No. 3:09-484
Patty Lewis, et al. v. C.R. Bard, Inc., et al., C.A. No. 3:09-485
Louella Perry, et al. v. C.R. Bard, Inc., et al., C.A. No. 3:09-524
Martha Martin v. C.R. Bard, Inc., et al., C.A. No. 3:09-525
Charlotte Deal, et al. v. C.R. Bard, Inc., et al., C.A. No. 3:09-526
Pamela Hatfield v. C.R. Bard, Inc., et al., C.A. No. 3:09-527

- A2 -

**MDL No. 2187 ScheduleA (Continued)**

<u>Southern District of West Virginia (Continued)</u>

Rayetta Baumgardner v. C.R. Bard, Inc., et al., C.A. No. 3:09-528
Beulah Stephens, et al. v. C.R. Bard, Inc., et al., C.A. No. 3:09-529
Tammy Martin, et al. v. C.R. Bard, Inc., et al., C.A. No. 3:09-625
Linda Jones v. C.R. Bard, Inc., et al., C.A. No. 3:09-766
Rebecca Smith v. C.R. Bard, Inc., et al., C.A. No. 3:09-893
Mary Watson v. C.R. Bard, Inc., et al., C.A. No. 3:09-1555
Tammy Clark, et al. v. C.R. Bard, Inc., et al., C.A. No. 3:10-353
Betty Adkins, et al. v. C.R. Bard, Inc., et al., C.A. No. 3:10-824
Marcie Holton, et al. v. C.R. Bard, Inc., et al., C.A. No. 3:10-857