4months

# U.S. District Court
## Northern District of Georgia (Atlanta)
### CIVIL DOCKET FOR CASE #: 1:10−cv−02312−RLV

| | |
|---|---|
| Sheets v. C. R. Bard, Inc. et al<br>Assigned to: Judge Robert L. Vining, Jr<br>Cause: 28:1332 Diversity−Product Liability | Date Filed: 07/23/2010<br>Jury Demand: Both<br>Nature of Suit: 365 Personal Inj. Prod. Liability<br>Jurisdiction: Diversity |

**Plaintiff**

**Brenda Sheets**     represented by     **Adam Bryant Land**
Blasingame, Burch, Garrard &Ashley, P.C.
P.O. Box 832
440 College Avenue North
Suite 320
Athens, GA 30603−0832
706−354−4000
Email: abl@bbgbalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Judson Hill , III**
Blasingame, Burch, Garrard &Ashley, P.C.
P.O. Box 832
440 College Avenue North
Suite 320
Athens, GA 30603−0832
706−354−4000
Email: ajh@bbgbalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary B. Blasingame**
Blasingame Burch Garrard Bryant &Ashley
Suite 320
P.O. Box 832
440 College Avenue North
Athens, GA 30603−0832
706−354−4000
Email: gbb@bbgbalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Henry G. Garrard , III**
Blasingame Burch Garrard Bryant &Ashley
Suite 320
P.O. Box 832
440 College Avenue North
Athens, GA 30603−0832
706−354−4000
Email: hgg@bbgbalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Josh B. Wages**
Blasingame, Burch, Garrard &Ashley, P.C.
P.O. Box 832
440 College Avenue North
Suite 320

Athens, GA 30603−0832  
706−354−4000  
Email: jbw@bbgbalaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Leanna Bankester Pittard**  
Blasingame, Burch, Garrard &Ashley, P.C.  
P.O. Box 832  
440 College Avenue North  
Suite 320  
Athens, GA 30603−0832  
706−354−4000  
Email: lbp@bbgbalaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**C. R. Bard, Inc.** represented by **Richard B. North , Jr.**  
Nelson Mullins Riley &Scarborough−ATL  
Suite 1700  
201 17th Street, N.W.  
Atlanta, GA 30363  
404−817−6155  
Email: richard.north@nelsonmullins.com  
*ATTORNEY TO BE NOTICED*

**Defendant**

**Covidien Inc.** represented by **Richard B. North , Jr.**  
*doing business as* (See above for address)  
Sofradim Production *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2010 | 1 | COMPLAINT with Jury Demand, filed by Brenda Sheets; and Summon(s) issued. Consent form to proceed before U.S. Magistrate and pretrial instructions provided. ( Filing fee $ 350.00 receipt number 113E0000000002816392.) (Attachments: # 1 Summons, # 2 Civil Cover Sheet)(eop) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/23/2010) |
| 08/31/2010 | 2 | PRELIMINARY REPORT AND DISCOVERY PLAN filed by C. R. Bard, Inc.. (Attachments: # 1 Exhibit Letter to Judge Vining, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(North, Richard) (Entered: 08/31/2010) |
| 09/06/2010 | 3 | SCHEDULING ORDER approving Defendant's 2 Preliminary Report and Discovery Plan. Discovery ends on 7/1/2011. Signed by Judge Robert L. Vining, Jr. on 7/6/2010. (bjh) (Entered: 09/08/2010) |
| 09/24/2010 | 4 | Return of Service Executed by Brenda Sheets. Covidien Inc. served on 9/15/2010, answer due 10/6/2010. (Garrard, Henry) (Entered: 09/24/2010) |
| 09/24/2010 | 5 | Return of Service Executed by Brenda Sheets. C. R. Bard, Inc. served on 9/15/2010, answer due 10/6/2010. (Garrard, Henry) Modified on 9/24/2010 to edit dates (dob). (Entered: 09/24/2010) |
| 09/24/2010 | | Notification of Docket Correction re 5 Return of Service Executed. Wrong served date used. Clerk made necessary changes. (dob) (Entered: 09/24/2010) |
| 09/24/2010 | | Set Deadlines/Hearings: C. R. Bard, Inc. answer due 10/6/2010. (dob) (Entered: 09/24/2010) |

| | | |
|---|---|---|
| 10/06/2010 | 6 | ANSWER to 1 COMPLAINT with Jury Demand by C. R. Bard, Inc.. Discovery ends on 3/7/2011.(North, Richard) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 10/06/2010) |
| 10/06/2010 | 7 | Certificate of Interested Persons and Corporate Disclosure Statement by C. R. Bard, Inc. identifying Corporate Parent C. R. Bard, Inc. for C. R. Bard, Inc.. (North, Richard) (Entered: 10/06/2010) |
| 10/06/2010 | 8 | ANSWER to 1 COMPLAINT with Jury Demand by Covidien Inc..(North, Richard) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 10/06/2010) |
| 10/06/2010 | 9 | Certificate of Interested Persons and Corporate Disclosure Statement by Covidien Inc. identifying Other Affiliate Covidien, Inc., Other Affiliate Sofradim Production, Other Affiliate Covidien plc for Covidien Inc.. (North, Richard) (Entered: 10/06/2010) |
| 10/07/2010 | 10 | Clerks Notation re 9 Certificate of Interested Persons approved by RLV on 10/7/2010. (dob) (Entered: 10/08/2010) |
| 10/07/2010 | 11 | Clerks Notation re 7 Certificate of Interested Persons approved by RLV on 10/7/2010. (dob) (Entered: 10/08/2010) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
BRENDA SHEETS,                    )
                                  )
     Plaintiff,                   )
                                  )  CIVIL ACTION FILE
v.                                )
                                  )  NO. _____
C. R. BARD, INC. and              )
COVIDIEN INC. d/b/a SOFRADIM      )
PRODUCTION,                       )
                                  )
     Defendants.                  )
_____)
```

**COMPLAINT**

COMES NOW Brenda Sheets as Plaintiff herein and hereby files her Complaint, showing the Court as follows:

PARTIES, JURISDICTION AND VENUE

1.

Plaintiff is a citizen of the State of North Carolina.

2.

Defendant C. R. Bard, Inc. ("Bard") is a New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. All acts and omissions of Bard as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

3.

Defendant Covidien Inc. d/b/a Sofradim Production ("Covidien") is a Delaware corporation with its principal place of business at 15 Hampshire Street, Mansfield, Massachusetts 02048. All acts and omissions of Covidien as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

4.

This civil action arises out of surgery performed by Dr. Robert Boyd at Frye Regional Medical Center in Hickory, North Carolina, during which a medical device designed, manufactured, marketed, packaged, labeled and sold by Bard and/or Covidien was implanted in Plaintiff.

5.

Plaintiff is seeking damages in excess of $75,000.00. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

6.

Bard Urological, the division of Defendant C. R. Bard, Inc. that designed, manufactured, marketed, packaged, labeled and sold the products at issue in this lawsuit, is located in the Northern District of Georgia in Covington, Georgia.

7.

Bard has significant contacts with the Northern District of Georgia such that it is subject to personal jurisdiction within said district.

8.

A substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in the Northern District of Georgia.

9.

Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Northern District of Georgia.

FACTUAL BACKGROUND

10.

At all times relevant herein, Bard was engaged in the business of designing, manufacturing, marketing, packaging, labeling and selling medical devices, including its Avaulta Anterior and Posterior BioSynthetic Support Systems, specifically placing said products into the stream of commerce.

11.

At all times relevant herein, Covidien was engaged in the business of designing, manufacturing, marketing, packaging, labeling and selling medical devices, including its Ugytex polypropylene mesh, a component of the Avaulta BioSynthetic Support Systems (Ugytex and the Avaulta Anterior and Posterior

3

BioSynthetic Support Systems are hereinafter collectively referred to as the "Products"), specifically placing said products into the stream of commerce.

12.

Dr. Boyd implanted the Products in Plaintiff Brenda Sheets during surgeries at Frye Regional Medical Center in Hickory, North Carolina.

13.

Dr. Boyd implanted the Products in Plaintiff Brenda Sheets to treat her pelvic organ prolapse, the use for which Bard and/or Covidien (sometimes collectively referred to herein as "Defendants") marketed the Products.

14.

As a result of having the Products implanted in her, Plaintiff Brenda Sheets has experienced significant mental and physical pain and suffering, has sustained permanent injury, permanent and substantial physical deformity, and loss of a bodily organ system and has undergone or will undergo corrective surgery or surgeries.

COUNT I: NEGLIGENCE

15.

Plaintiff incorporates by reference paragraphs 1-14 of the Complaint as if fully set forth herein.

4

16.

Bard and/or Covidien had a duty to individuals, including Plaintiff, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Products.

17.

Bard and/or Covidien was negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Products.

18.

As a direct and proximate result of Bard and/or Covidien's negligence, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

COUNT II: STRICT LIABILITY – DESIGN DEFECT

19.

Plaintiff incorporates by reference paragraphs 1-14 of the Complaint as if fully set forth herein.

20.

The Products implanted in Plaintiff Brenda Sheets were not reasonably safe for their intended use and were defective as a matter of law with respect to their design.

5

21.

As a direct and proximate result of the Products' aforementioned defects, Plaintiff Brenda Sheets was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

22.

Bard and/or Covidien is strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

COUNT III: STRICT LIABILITY – MANUFACTURING DEFECT

23.

Plaintiff incorporates by reference paragraphs 1-14 of the Complaint as if fully set forth herein.

24.

The Products implanted in Plaintiff Brenda Sheets were not reasonably safe for their intended use and were defective as a matter of law with respect to their manufacture.

25.

As a direct and proximate result of the Products' aforementioned defects, Plaintiff Brenda Sheets was caused and/or in the future will be caused to suffer severe personal

6

injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

26.

Bard and/or Covidien is strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

COUNT IV: STRICT LIABILITY – FAILURE TO WARN

27.

Plaintiff incorporates by reference paragraphs 1-14 of the Complaint as if fully set forth herein.

28.

The Products implanted in Plaintiff Brenda Sheets were not reasonably safe for their intended use and were defective as a matter of law due to their lack of appropriate and necessary warnings.

29.

As a direct and proximate result of the Products' aforementioned defects, Plaintiff Brenda Sheets was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to

obligations for medical services and expenses, present and future lost wages, and other damages.

30.

Bard and/or Covidien is strictly liable to Plaintiff Brenda Sheets for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

COUNT V: BREACH OF EXPRESS WARRANTY

31.

Plaintiff incorporates by reference paragraphs 1-14 of this Complaint as if fully set forth herein.

32.

Bard and/or Covidien made assurances to the general public, hospitals and health care professionals that the Products were safe and reasonably fit for their intended purpose.

33.

Plaintiff Brenda Sheets and/or her health care providers chose the Products based upon Bard and/or Covidien's warranties and representations regarding the safety and fitness of the Products.

34.

Plaintiff, individually and/or by and through her physician, reasonably relied upon Bard and/or Covidien's express warranties and guarantees that the Products were safe, merchantable, and reasonably fit for their intended purpose.

35.

Bard and/or Covidien breached these express warranties because the Products implanted in Plaintiff were unreasonably dangerous and defective and not as Bard and/or Covidien had represented.

36.

Bard and/or Covidien's breach of its express warranties resulted in the implantation of unreasonably dangerous and defective products in Plaintiff Brenda Sheets' body, placing Plaintiff's health and safety in jeopardy.

37.

As a direct and proximate result of Bard and/or Covidien's breaches of the aforementioned express warranties, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

COUNT VI: BREACH OF IMPLIED WARRANTY

38.

Plaintiff incorporates by reference paragraphs 1-14 of this Complaint as if fully set forth herein.

39.

Bard and/or Covidien impliedly warranted that the Products

9

were merchantable and were fit for the ordinary purposes for which they were intended.

40.

When the Products were implanted in Plaintiff Brenda Sheets to treat her pelvic organ prolapse, they were being used for the ordinary purposes for which they were intended.

41.

Plaintiff, individually and/or by and through her physician, relied upon Bard and/or Covidien's implied warranty of merchantability in consenting to have the Products implanted in her.

42.

Bard and/or Covidien breached these implied warranties of merchantability because the Products implanted in Plaintiff were neither merchantable nor suited for the intended uses as warranted.

43.

Bard and/or Covidien's breach of their implied warranties resulted in the implantation of unreasonably dangerous and defective products in Plaintiff's body, placing Plaintiff's health and safety in jeopardy.

44.

As a direct and proximate result of Bard and/or Covidien's breaches of the aforementioned implied warranties, Plaintiff was

caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

## COUNT VII: PUNITIVE DAMAGES

45.

Plaintiff incorporates by reference paragraphs 1-44 of this Complaint as if fully set forth herein.

46.

Defendants knew or should have known that the Products were defective and presented unreasonable risks of harm to Plaintiff.

47.

Bard and/or Covidien's conduct in designing, manufacturing, marketing, labeling, packaging and selling the unreasonably safe and defective Products amounted to willful, wanton, and/or reckless conduct and/or indifference to civil obligations affecting the rights of others.

48.

Plaintiff is therefore entitled to an award of punitive damages.

## AD DAMNUM

As a proximate cause of the negligent, reckless, criminal and/or intentional conduct of Defendants, Plaintiff sustained

11

personal injuries and damages thereby justifying an award of general damages, special damages and punitive damages as may be afforded under the law.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendants, jointly and severally, for compensatory and punitive damages in an amount exceeding $75,000, as well as costs, attorney fees, interest, or any other relief, monetary or equitable, to which they are entitled.

**BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.**
Attorneys for Plaintiffs

/s/ Leanna B. Pittard
Gary B. Blasingame
Georgia Bar No. 062900
Henry G. Garrard, III
Georgia Bar No. 286300
Andrew J. Hill, III
Georgia Bar No. 353300
Josh B. Wages
Georgia Bar No. 730098
Adam B. Land
Georgia Bar No. 075641
Leanna B. Pittard
Georgia Bar No. 344031

440 College Avenue
P.O. Box 832
Athens, Georgia 30603
706-354-4000

12

**JURY TRIAL DEMAND**

    Pursuant to the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by jury at the time of the trial of the within action.

```
                                    /s/ Leanna B. Pittard
                                    Gary B. Blasingame
                                    Georgia Bar No. 062900
                                    Henry G. Garrard, III
                                    Georgia Bar No. 286300
                                    Andrew J. Hill, III
                                    Georgia Bar No. 353300
                                    Josh B. Wages
                                    Georgia Bar No. 730098
                                    Adam B. Land
                                    Georgia Bar No. 075641
                                    Leanna B. Pittard
                                    Georgia Bar No. 344031
440 College Avenue
P.O. Box 832
Athens, Georgia 30603
706-354-4000
```

13