# U.S. District Court
## Eastern District of Missouri (LIVE) (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:12-cv-00348-MLM

Spencer et al v. C. R. Bard, Inc. et al  
Assigned to: Magistrate Judge Mary Ann L. Medler  
Cause: 28:1332 Diversity-Product Liability

Date Filed: 02/27/2012  
Jury Demand: Plaintiff  
Nature of Suit: 365 Personal Inj. Prod. Liability  
Jurisdiction: Diversity

**Plaintiff**

**Theresa Spencer**    represented by **Kevin J. Davidson**  
THE ZEVAN AND DAVIDSON LAW FIRM  
1 North Taylor Avenue  
St. Louis, MO 63108  
314-588-7200  
Fax: 314-588-7271  
Email: kevin@zevandavidson.com  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Walter Spencer**    represented by **Kevin J. Davidson**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**C.R. Bard, Inc.**

**Defendant**

**Sofradim Production SAS**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/27/2012 | 1 | COMPLAINT against defendant C.R. Bard, Inc. & Sofradim Production SAS with receipt number 0865-3162864, in the amount of $350. Jury Demand filed by Theresa Spencer & Walter Spencer. (Attachments: # 1 Original Filing Form Original Filing Form, # 2 Civil Cover Sheet Civil Cover Sheet)(Davidson, Kevin) (Entered: 02/27/2012) |
| 02/28/2012 | | Case Opening Notification - Waivers issued 2. Consents issued 3.Disclosure of Corporate Interest issued to defendant. Judge Assigned: Honorable Mary Ann L. Medler. (KLK) (Entered: 02/28/2012) |
| 02/28/2012 | | Pursuant to Local Rule 2.08, the assigned/referred magistrate judge is designated and authorized by the court to exercise full authority in this |

| | |
|---|---|
| | assigned/referred action or matter under 28 U.S.C. Sec. 636 and 18 U.S.C Sec. 3401. (CSAW) (Entered: 02/28/2012) |

**PACER Service Center**

**Transaction Receipt**

02/29/2012 09:32:15

| **PACER Login:** | nm0003 | **Client Code:** | 00389-02163-CLF |
|---|---|---|---|
| **Description:** | Docket Report | **Search Criteria:** | 4:12-cv-00348-MLM |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERESA SPENCER and WALTER SPENCER, <br><br> Plaintiffs, <br><br> v. <br><br> C. R. BARD, INC. and SOFRADIM PRODUCTION SAS, <br><br> Defendants. | ) ) ) ) ) ) ) CIVIL ACTION FILE ) ) NO. _____ ) ) ) ) ) |

## COMPLAINT

COME NOW Theresa and Walter Spencer as Plaintiffs herein and hereby file this Complaint, showing the Court as follows:

PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs are citizens of the State of Illinois.

2.

Defendant C. R. Bard, Inc. ("Bard") is a New Jersey corporation with its principal place of business in New Jersey. All acts and omissions of Bard as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

3.

Defendant Sofradim Production SAS ("Sofradim") is a French company with its principal place of business at 116 Avenue Du Formans, Trevoux, France 01600. All acts and omissions of Sofradim as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

4.

Plaintiffs are seeking damages in excess of $75,000.00. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

5.

As is more fully set forth below, Defendants are subject to the personal jurisdiction of this Court under the Missouri Long Arm Statute.

6.

Defendants, either personally or through an agent, have transacted business in the State of Missouri giving rise to Plaintiffs' causes of actions stated herein.

7.

Sofradim designed and manufactured the Uretex SUP, including that which was implanted in Plaintiff Theresa Spencer by her physician in the State of Missouri giving rise to Plaintiffs' claims asserted herein.

8.

Through an exclusive agreement with Sofradim, Bard marketed, packaged, labeled, sold and distributed the Uretex SUP in the United States, including that which was implanted in Plaintiff Theresa Spencer by her physician in the State of Missouri giving rise to Plaintiffs' claims asserted herein.

9.

Over the course of several years, and including through the present, Sofradim has regularly shipped thousands of Uretex SUP products, as well as other products, to Bard in the United States with the knowledge that said products would be distributed and sold throughout the United States, including in the State of Missouri.

10.

A substantial part of the events and omissions giving rise to Plaintiffs' causes of action occurred in the Eastern District of Missouri.

11.

Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Eastern District of Missouri.

3

## FACTUAL BACKGROUND

12.

Plaintiff Theresa Spencer was implanted with the Uretex SUP (the "Product") during surgery performed by Dr. Kent Adkins at St. John's Mercy Medical Center in St. Louis, Missouri.

13.

The Product was implanted in Plaintiff Theresa Spencer to treat her stress urinary incontinence, the use for which the Product was designed, marketed and sold.

14.

As a result of having the Product implanted in her, Plaintiff Theresa Spencer has experienced significant mental and physical pain and suffering, has sustained permanent injury, will likely undergo corrective surgery, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, and has endured impaired physical relations with her husband, Plaintiff Walter Spencer.

## CAUSES OF ACTION

### COUNT I: NEGLIGENCE

15.

Plaintiffs incorporate by reference paragraphs 1-14 of this Complaint as if fully set forth herein.

4

16.

Defendants had a duty to individuals, including Plaintiff Theresa Spencer, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Product.

17.

Defendants were negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Product.

18.

As a direct and proximate result of Defendants' negligence, Plaintiff Theresa Spencer was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages.

COUNT II: STRICT LIABILITY - DESIGN DEFECT

19.

Plaintiffs incorporate by reference paragraphs 1-14 of this Complaint as if fully set forth herein.

20.

The Product implanted in Plaintiff Theresa Spencer was not reasonably safe for its intended use and was defective as a matter of law with respect to its design.

5

21.

As a direct and proximate result of the Product's aforementioned defects, Plaintiff Theresa Spencer was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages.

22.

Defendants are strictly liable to Plaintiff Theresa Spencer for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

COUNT III: STRICT LIABILITY - MANUFACTURING DEFECT

23.

Plaintiffs incorporate by reference paragraphs 1-14 of this Complaint as if fully set forth herein.

24.

The Product implanted in Plaintiff Theresa Spencer was not reasonably safe for its intended use and was defective as a matter of law with respect to its manufacture.

25.

As a direct and proximate result of the Product's aforementioned defects, Plaintiff Theresa Spencer was caused and/or in the future will be caused to suffer severe personal

6

injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages.

26.

Defendants are strictly liable to Plaintiff Theresa Spencer for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

COUNT IV: STRICT LIABILITY - FAILURE TO WARN

27.

Plaintiffs incorporate by reference paragraphs 1-14 of this Complaint as if fully set forth herein.

28.

The Product implanted in Plaintiff Theresa Spencer was not reasonably safe for its intended use and was defective as a matter of law due to its lack of appropriate and necessary warnings.

29.

As a direct and proximate result of the Product's aforementioned defects, Plaintiff Theresa Spencer was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to,

7

obligations for medical services and expenses, and other damages.

30.

Defendants are strictly liable to Plaintiff Theresa Spencer for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

COUNT V: BREACH OF EXPRESS WARRANTY

31.

Plaintiffs incorporate by reference paragraphs 1-14 of this Complaint as if fully set forth herein.

32.

Defendants made assurances to the general public, hospitals and health care professionals that the Product was safe and reasonably fit for its intended purpose.

33.

Plaintiff Theresa Spencer and/or her health care provider chose the Product based upon Defendants' warranties and representations regarding the safety and fitness of the Product.

34.

Plaintiff Theresa Spencer, individually and/or by and through her physician, reasonably relied upon Defendants' express warranties and guarantees that the Product was safe, merchantable, and reasonably fit for its intended purpose.

8

35.

Defendants breached these express warranties because the Product implanted in Plaintiff Theresa Spencer was unreasonably dangerous and defective and not as Defendants had represented.

36.

Defendants' breaches of their express warranties resulted in the implantation of an unreasonably dangerous and defective product in Plaintiff Theresa Spencer's body, placing said Plaintiff's health and safety in jeopardy.

37.

As a direct and proximate result of Defendants' breaches of the aforementioned express warranties, Plaintiff Theresa Spencer was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages.

COUNT VI: BREACH OF IMPLIED WARRANTY

38.

Plaintiffs incorporate by reference paragraphs 1-14 of this Complaint as if fully set forth herein.

9

39.

Defendants impliedly warranted that the Product was merchantable and was fit for the ordinary purpose for which it was intended.

40.

When the Product was implanted in Plaintiff Theresa Spencer to treat her stress urinary incontinence, it was being used for the ordinary purpose for which it was intended.

41.

Plaintiff Theresa Spencer, individually and/or by and through her physician, relied upon Defendants' implied warranties of merchantability in consenting to have the Product implanted in her.

42.

Defendants breached these implied warranties of merchantability because the Product implanted in Plaintiff Theresa Spencer was neither merchantable nor suited for its intended use as warranted.

43.

Defendants' breaches of their implied warranties resulted in the implantation of an unreasonably dangerous and defective product in Plaintiff Theresa Spencer's body, placing said Plaintiff's health and safety in jeopardy.

44.

As a direct and proximate result of Defendants' breaches of the aforementioned implied warranties, Plaintiff Theresa Spencer was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages.

## COUNT VII: LOSS OF CONSORTIUM

45.

Plaintiffs incorporate by reference paragraphs 1-44 of this Complaint as if fully set forth herein.

46.

As a direct and proximate result of the above-described injuries sustained by Plaintiff Theresa Spencer, her husband, Plaintiff Walter Spencer, has suffered a loss of his wife's consortium, companionship, society, affection, services and support.

## COUNT VIII: PUNITIVE DAMAGES

47.

Plaintiffs incorporate by reference paragraphs 1-78 of this Complaint as if fully set forth herein.

48.

Defendants knew or should have known that the Product was defective and presented an unreasonable risk of harm to Plaintiff Theresa Spencer.

49.

Defendants sold the Product to Plaintiff Theresa Spencer's health care providers and other health care providers in Missouri and throughout the United States without doing adequate testing to ensure that the Product was reasonably safe for implantation in the female pelvic area.

50.

Defendants sold the Product to Plaintiff Theresa Spencer's health care providers and other health care providers in Missouri and throughout the United States without doing adequate testing to determine whether the Product degraded *in vivo*. The Product does, in fact, degrade *in vivo*, which causes the severe and debilitating injuries suffered by Plaintiff Theresa Spencer and numerous other women.

51.

Defendants ignored reports from health care providers throughout the United States of the Product's failure to perform as intended, which lead to the severe and debilitating injuries suffered by Plaintiff Theresa Spencer and numerous other women. Rather than doing adequate testing to rule out the Product's

12

design or the process by which the Product is manufactured as the cause of these severe and debilitating injuries, Defendants chose instead to instruct their sales forces to downplay the Product's risks, and have continued to market and sell the Product as safe and effective.

52.

Defendants' conduct as described in this Complaint, for which Plaintiffs are entitled to recover compensatory damages, manifested a conscious indifference to, and/or flagrant disregard of, the safety of those persons who might foreseeably have been harmed by the Product, including Plaintiff Theresa Spencer, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs demand trial by jury, judgment against Defendants C. R. Bard, Inc. and Sofradim Production SAS, jointly and severally, for compensatory and punitive damages in an amount exceeding $75,000, as well as costs, attorney fees, interest, or any other relief, monetary or equitable, to which they are entitled.

PLAINTIFFS DEMAND A TRIAL BY JURY.

**THE LAW OFFICES OF ZEVAN & DAVIDSON, LLC**
Attorneys for Plaintiffs

_____
Kevin Davidson
Missouri Bar No. 49975
1 North Taylor Ave.

St. Louis, MO 63108
314-588-7200

14