UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                                      MDL No. 2187


TRANSFER ORDER


**Before the Panel:** Plaintiff in the action listed on Schedule A (*Hudspeth*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2187. Responding defendants Ethicon, Inc. and Johnson & Johnson (collectively, Ethicon) oppose the motion to vacate.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2187, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiff does not dispute that her action shares questions of fact with MDL No. 2187. Like many of the already-centralized actions, *Hudspeth* involves factual questions arising from allegations that C.R. Bard, Inc. and related entities defectively designed, manufactured, and marketed pelvic surgical mesh products, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by the devices. *See In re: Avaulta Pelvic Support Sys. Prods. Liab. Litig.*, 746 F. Supp. 2d 1362 (J.P.M.L. 2010); Order Renaming Litigation, MDL No. 2187 (J.P.M.L. Feb. 13, 2012).

In support of the motion to vacate, plaintiff argues that the transferor court should be allowed to rule on the pending motion to remand to state court. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION**  MDL No. 2187

## SCHEDULE A

<u>Middle District of Florida</u>

HUDSPETH v. C.R. BARD, INC., ET AL., C.A. No. 3:14-01465